16 F.3d 1224
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Lawrence E. WOZNICK, Petitioner,
v.
Thomas C. RICHARDS, Administrator, Federal Aviation
Administration, Respondent.
 No. 92-4351.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1994.
 
 Before: KENNEDY and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This matter comes before us on a petition for review of an order in which the National Transportation Safety Board affirmed the suspension of the petitioner's airman medical certificate after the petitioner failed to comply with a request for production of medical records. Finding no error in the Board's decision, we shall deny the petition.
 
 
 2
 * In September of 1990 the petitioner, Lawrence Edward Woznick, applied for and received a first class medical certificate from a designated airman medical examiner. On his application form Mr. Woznick answered "yes" to questions asking whether he had ever been admitted to a hospital or had a record of traffic or criminal convictions. Mr. Woznick explained in the application that he had been admitted to the Cleveland Clinic in 1990 for penile implant surgery. In a letter attached to the application, Mr. Woznick stated that in 1989 he had been convicted of driving under the influence of alcohol and in 1986 he had been arrested on a similar charge.
 
 
 3
 On November 6, 1990, the Aeromedical Certification Division of the Federal Aviation Administration sent Mr. Woznick a letter stating that his medical certification was under review and that he would be required to submit certain records to supplement his application. Specifically, he was asked for medical and hospital records pertaining to the implant surgery, traffic and court records on the two DUI incidents, information regarding alcohol or drug abuse, and a copy of his driving record.
 
 
 4
 Mr. Woznick did not respond to this letter. The FAA sent him another letter on January 14, 1991, informing him that he could no longer be deemed qualified for his medical certificate and requesting that he voluntarily relinquish the certificate within ten days. The time for compliance with the request for the records was subsequently extended to February 25, 1991.
 
 
 5
 On February 18, 1991, Mr. Woznick's attorney requested another extension of time. Attached to this request was a copy of a letter in which Mr. Woznick's doctor gave a brief account of Woznick's dysfunction and the implant operation. The letter said that the doctor had been unable to identify any specific cause for the problem, but that he and a psychological consultant believed that the problem was organic and not psychogenic.
 
 
 6
 On March 26, 1991, and again on May 10, 1991, the FAA sent Mr. Woznick letters informing him that it still had not received the requested information and reiterating its request that Mr. Woznick voluntarily surrender his medical certificate. Some time later, Mr. Woznick sent the FAA an affidavit in which he stated that he could not turn over the certificate because he had lost it.
 
 
 7
 On May 21, 1991, the FAA issued an emergency order of suspension of the medical certificate. Mr. Woznick then sought and obtained a hearing before an administrative law judge. At the hearing, which was held on May 28, 1992, Mr. Woznick produced written corroboration of the statements in his application regarding his DUI record. Mr. Woznick testified at the hearing that he rarely drank alcohol and had never been treated for alcohol or drug abuse. In addition, he testified that he had been convicted of setting false alarms in 1981; of disorderly conduct in 1988 for making harassing phone calls; and of assault and battery in 1972.
 
 
 8
 After hearing the evidence, the ALJ concluded that Mr. Woznick had complied with all of the agency's requests except for that relating to the implant surgery records. Concluding that the Administrator was justified in requesting these records, the ALJ upheld the emergency order of suspension. Mr. Woznick appealed the ALJ's decision to the National Transportation Safety Board, which is vested with authority to review the final decisions of the FAA Administrator.
 
 
 9
 The Board concluded that the Administrator had a reasonable basis for seeking information regarding the penile implant. The Board noted that
 
 
 10
 "the letter furnished by [Mr. Woznick's] surgeon sheds little light on the precise cause(s) of the problem which led to the procedure. The Board believes that the physical, laboratory, and psychological findings reported in the records sought may aid the Administrator in disclosing the nature of any particular disorder(s) suffered by [Mr. Woznick] and, thus, in determining whether a disqualifying condition exists."
 
 
 11
 The Board also observed that Mr. Woznick's prior history of arrests and convictions suggested that review of these medical and psychological records would be appropriate.
 
 
 12
 Mr. Woznick sought review in this court pursuant to Sec. 1006(a) of the Federal Aviation Act, 49 U.S.C. Sec. 1486.
 
 II
 
 13
 The FAA suggests that the case is moot because Mr. Woznick's medical certificate expired in 1992. The agency concedes, however, that until Mr. Woznick turns over the medical records pertaining to his implant, he will not be granted medical certification in any subsequent application. We shall therefore address the merits of the case.
 
 
 14
 We must uphold the Board's decision unless we find that it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. Sec. 706 or that the Board's factual findings are not supported by substantial evidence. 49 U.S.C. Sec. 1486(e); Blackman v. Busey, 938 F.2d 659, 661 (6th Cir.1991). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. See also McCarthney v. Busey, 954 F.2d 1147, 1154 (6th Cir.1992).
 
 
 15
 Congress has charged the FAA with authority to promulgate reasonable rules and regulations to ensure the safety and security of civil aviation. See Sec. 601(a)(6) of the Federal Aviation Act of 1958, 49 U.S.C. Sec. 1421(a)(6). Section 602 of the Act authorizes the Administrator of the FAA to certify airmen who are physically capable of safely flying airplanes, and Sec. 609 grants the Administrator authority not only to reexamine an airman at any time after the airman has received a medical certificate, but also to revoke the certificate if safety requires. See 49 U.S.C. Secs. 1422(b) and 1429(a).
 
 
 16
 The FAA has promulgated regulations governing the certification and reexamination process. Regulation Sec. 67.13, 14 C.F.R. Sec. 67.13, sets forth the standards the applicant must meet to qualify for medical certification, and sections Sec. 67.21 through Sec. 67.25 set forth the process for medical certification. The regulations provide that an applicant must be examined by a private physician designated as an airman medical examiner; depending on the results of the examination, the physician either issues, denies or defers issuance of a medical certificate. 14 C.F.R. Secs. 67.23 and 67.25. The Federal Air Surgeon, the manager of the Aeromedical Certification Division, or any regional flight surgeon may reexamine and reverse the issuance of any medical certificate. 14 C.F.R. Sec. 67.25(c).
 
 
 17
 In undertaking a reexamination, these officials may ask for whatever additional medical information is reasonably necessary. 14 C.F.R. Sec. 67.31. Failure to comply with a reasonable request may be grounds for suspension of the airman's medical certificate. Id.[1] There can be no doubt, therefore, that the Aeromedical Certification Division had authority to review Mr. Woznick's application and to suspend his certificate if he refused to comply with reasonable requests for medical evidence.
 
 
 18
 The petitioner argues that the request for medical information was invalid because a subordinate signed the request on behalf of the head of the certification division. The argument is without merit; see Administrator v. Smith, 3 NTSB 3942, 3943 (1981); Administrator v. Interair Services, 3 NTSB 1715, 1718 (1979). It is clear, moreover, that the agency has ratified the request for information.
 
 
 19
 Having reviewed the record, we are convinced that substantial evidence supports the Board's decision that the Administrator acted within his authority in seeking review of Mr. Woznick's medical records. First, the Administrator was justified in his concern about the "unknown" organic origin of Woznick's dysfunction. If the problem was indeed organic, its source might be one that could impair Mr. Woznick's ability to perform his duties as a pilot safely. The medical data contained in Mr. Woznick's records would almost certainly be useful to the Administrator in identifying or ruling out any disqualifying conditions. Second, Mr. Woznick's criminal history indicates the possibility of some psychological disorder, as well as a demonstrated lack of judgment where alcohol use is concerned. Since Mr. Woznick's medical records include the results of psychological testing, the Administrator's request for these records was reasonable.
 
 
 20
 Although the airman medical examiner concluded that Mr. Woznick was fit to fly, he did so without benefit of the information in the medical records. The FAA was entitled to access to this information.
 
 
 21
 The petition for review is DENIED.
 
 
 
 [1]
 Section 67.31 provides, in relevant part, as follows:
 "Whenever the Administrator finds that additional medical information or history is necessary to determine whether ... the holder of a medical certificate meets the medical standards for it, he requests that person to furnish that information.... If the ... holder refuses to provide the requested medical information ... the Administrator may suspend, modify, or revoke any medical certificate."